IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James P. O'NEIL, Attorney at Law.

Supreme Court

*No.  94–3118–D.  Filed November 21, 1995.*

(Also reported in 539 N.W.2d 881.)

PER CURIAM.   We review the recommendation of the referee that the license of James P. O'Neil to practice law in Wisconsin be suspended for 12 months as discipline for engaging in dishonesty, fraud, deceit and misrepresentation by retaining and failing to report to his law firm approximately $26,700 in fees for professional services he rendered as court-appointed guardian ad litem and in numerous files he had opened but did not disclose to his law firm at the time he separated from employment. In addition, he retained a check from Brown county knowing it was a duplicate payment of guardian ad litem fees the firm already had been paid.

We determine that, under the circumstances presented, the recommended one-year license suspension is appropriate discipline to impose for Attorney O'Neil's professional misconduct. By failing to report his receipt of fees for his legal services to which his law firm was entitled and keeping a county check knowing it constituted a double payment of his fees as court-appointed guardian ad litem, Attorney O'Neil has seriously breached his duty of honesty and his fiduciary obligation in respect to the firm that employed him, as well as his duty of honest dealing with the county that retained him for legal services.

Attorney O'Neil was admitted to the practice of law in Wisconsin in 1988 and practices in Green Bay. He has not previously been the subject of a disciplinary proceeding. The referee, Attorney John E. Shannon, Jr., made findings of fact based on Attorney O'Neil's stipulation.

Although there was no written employment agreement, it was understood that the law firm in which Attorney O'Neil began practice in June, 1988 was entitled to all fees generated by him while employed at the

firm. In January, 1992, the compensation arrangement between him and the firm changed, and he was to receive a base salary and a percentage of all net fees generated above a specified amount. All fees were to be billed through and paid to the firm.

Attorney O'Neil took a leave of absence from the firm from December, 1990 to July, 1991, while on active duty in the U.S. Army Reserve, serving in the Gulf War. Following his return to the firm, Attorney O'Neil learned that it had terminated his pension plan by not making payments to it while he was on active duty. In addition, the firm began excluding him from social activities.

When it was decided in May, 1993 that his employment with the firm would terminate, Attorney O'Neil submitted a list of what he represented as all active files he currently was working on. In fact, that list was not complete. Soon after his departure, the firm received a check for some $8400 from Brown county circuit court addressed to Attorney O'Neil, but it found no record of the case in which he had served as guardian ad litem and the fees for which the check represented. The firm's subsequent investigation disclosed that Attorney O'Neil had served in the matter from 1991 to 1993.

When the firm confronted him concerning that check, Attorney O'Neil admitted that it was payment for services he had rendered as guardian ad litem during the time he was employed with the firm. At the same time he produced a list of 43 files he had opened during that period but failed to disclose to the firm at the time of his termination. It was determined that he had retained approximately $26,700 of fees he generated on files and cases, including the guardian ad litem fee.

During the investigation into this matter conducted by the Board of Attorneys Professional Responsibility, it was discovered that in September, 1992 Attorney O'Neil had deposited into his personal account a Brown county check for approximately $2130 in payment of his fees in a guardian ad litem case for which the firm already had received payment. An employee of the firm reported having given that check to Attorney O'Neil, telling him it was a duplicate payment, and that Attorney O'Neil said he would take care of it. The investigation also disclosed that Attorney O'Neil had retained another duplicate payment from the county but he denied knowledge that the firm previously had been paid for those services.

The referee concluded, consistent with Attorney O'Neil's admissions, that the misconduct in this matter involved dishonesty, fraud, deceit and misrepresentation, in violation of SCR 20:8.4(c).[1] In recommending a 12-month license suspension, the referee acknowledged the testimony of six character witnesses who testified on Attorney O'Neil's behalf, one of them his current law partner. The referee also found that Attorney O'Neil has admitted his misconduct, expressed remorse for it and made full restitution to his firm and to the county. The referee expressed his belief that Attorney O'Neil is not likely to repeat the misconduct and that he has rehabilitated himself, as evidenced by his competent and ethical practice of law in another firm.

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

We adopt the referee's findings of fact and conclusions of law and determine, in view of the factors considered by the referee, that the recommended license suspension is appropriate discipline to impose for Attorney O'Neil's professional misconduct. In addition, we require that Attorney O'Neil pay the costs of this proceeding, as the referee had recommended.

IT IS ORDERED that the license of Attorney James P. O'Neil to practice law in Wisconsin is suspended for a period of one year, commencing December 21, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order James P. O'Neil pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James P. O'Neil to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that James P. O'Neil comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.